UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Juan Antonio Chavez<br><br>Plaintiff<br><br>v.<br><br>East Hampton Fence & Gate, Inc. and Michael Marran<br><br>Defendants. | Case No.: 2:21-cv-5775<br><br>JURY TRIAL REQUESTED |

# COMPLAINT

## I.  PRELIMINARY STATEMENT

1. Plaintiff performed strenuous manual labor in Defendants' construction business for ten years, regularly working more than 60 hours per week, but for nearly the entire period of his employment was not paid a premium rate for overtime hours as required by Federal and State law.

2. Plaintiff brings this action against Defendants East Hampton Fence & Gate, Inc. and Michael Marran (collectively "Defendants"), for Defendants' failure to lawfully pay Plaintiff's wages for his work and to provide Plaintiff with the required hiring and wage notices.

3. Plaintiff alleges violations of the overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the spread of hours, overtime, wage statement and wage notice provisions of New York Labor Law Article 19 § 650, *et seq.* ("NYLL").

Plaintiff seeks his earned but unpaid wages and liquidated damages pursuant to the FLSA; his earned but unpaid wages and liquidated damages pursuant to the NYLL; other statutory damages pursuant to the NYLL; and reasonable attorneys' fees, costs, and interest.

## II.     JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 216, and 28 U.S.C. §§ 1331 and 1337.  As this action arises under Acts of Congress regulating commerce, jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

5. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is appropriate in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), because the events giving rise to this claim occurred primarily within this judicial district.

## III.    THE PARTIES

7. Plaintiff Juan Antonio Chavez is an adult individual and resident of the State of New York, Suffolk County. His consent to sue is attached hereto as Exhibit A.

8. At all times relevant to this Complaint, Plaintiff was an employee of Defendants as that term is defined by
   a. the FLSA, 29 U.S.C. § 203(e) (1); and
   b. the NYLL § 190.

9. At all times relevant to this Complaint, Plaintiff was an employee engaged in commerce or the production of goods for commerce, and/or was an employee in an enterprise engaged

in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(b)(r)(1).

10. Upon information and belief, Defendant East Hampton Fence & Gate, Inc. is a domestic corporation doing business in the State of New York and Suffolk County. East Hampton Fence & Gate, Inc. is headquartered at 8 Hardscrabble Court, East Hampton, NY 11937.

11. Upon information and belief, Defendant Michael Marran is the owner and manager of Defendant East Hampton Fence & Gate, Inc. Defendant Michael Marran is a resident of the State of New York.

12. Upon information and belief, at all times relevant to the Complaint, Defendant Michael Marran made all relevant decisions regarding Plaintiff's wages, working conditions, and employment status at the Defendant corporation.

13. At all times relevant to the Complaint, Defendant Michael Marran had the power to hire and fire Plaintiff, set Plaintiff's wages, retain time and/or wage records, and otherwise control the terms and conditions of Plaintiff's employment at the Defendant corporation.

14. At all times relevant to the Complaint, Defendant Michael Marran had the power to stop any illegal pay practices at the Defendant corporation.

15. At all times relevant to the Complaint, Defendant Michael Marran actively managed, supervised, and directed the business affairs and operation of the Defendant corporation, and acted directly and indirectly in relation to the employees.

16. At all times relevant to the Complaint, Defendant East Hampton Fence & Gate, Inc. was an employer of Plaintiff as that term is defined by
   a. the FLSA, 29 U.S.C. § 203(e) (1); and
   b. the NYLL § 190.

17. At all times relevant to the Complaint, Defendant Michael Marran was an employer of the Plaintiff as that term is defined by

    a. the FLSA, 29 U.S.C. § 203(e) (1); and

    b. the NYLL § 190.

18. Upon information and belief, Defendants grossed more than $500,000 per year in revenue for the past five calendar years and individually and collectively are an enterprise engaged in commerce.

## IV.  STATEMENT OF FACTS

19. At all relevant times, Plaintiff performed physical labor in Defendants' construction business.

20. Plaintiff worked for Defendants from approximately 2010 to approximately March 2020.

21. Throughout Plaintiff's employment with Defendants, he regularly worked from 7:00 am to at least 6:00 pm. He worked Monday through Friday and often worked on Saturdays as well.

22. Plaintiff's total hours per week varied but he consistently worked more than 40 hours in each work week.

23. Defendants paid Plaintiff the same hourly rate of pay regardless of the total number of hours worked. He never received a premium rate for overtime hours until approximately one year prior to the end of his employment when Defendants were investigated for their pay practices and then began to pay their employees a premium rate for hours over 40 in a work week.

24. Plaintiff often worked more than 10 hours in a day but was never paid an additional hour for spread of hours.

25. During Plaintiff's employment, Defendants did not post and keep posted a notice explaining the Fair Labor Standards Act in a conspicuous place in their establishment such as would permit Plaintiffs or other employees to observe readily a copy, as required by 29 C.F.R. § 516.4.

26. During Plaintiff's employment, Defendants did not post and keep posted the minimum wage and overtime poster issued by the New York State Department of Labor at the places of employment where it could be read easily by their employees, as required by NYLL § 661.

27. During Plaintiffs' employment, Defendants did not notify Plaintiffs, or post and keep posted the notice, of the employer's policy on sick leave, vacation, personal leave, holidays and hours, as required by NYLL § 195(5).

28. Plaintiff did not receive at the time of hiring, or at any subsequent time, a wage notice in English or Spanish, the Plaintiff's primary language, containing the information outlined in NYLL § 195(1)(a), such as the rate of pay.

29. Plaintiff did not receive weekly wage stubs or statements accurately containing all information required by NYLL § 195(3), such as dates of work, rate of pay for regular and overtime hours, and number of regular and overtime hours worked.

30. Defendants were aware or should have been aware that applicable law required them to pay employees such as Plaintiff at least minimum wage for every hour worked and premium pay for all hours worked in excess of forty (40) per week.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

*Fair Labor Standards Act – Overtime*

31. Plaintiff restates, re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

32. Defendants willfully failed to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

33. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

## SECOND CAUSE OF ACTION

### *NYLL – Overtime*

34. Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

35. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

36. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages, liquidated damages for unpaid wages, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 198 and 663.

## THIRD CAUSE OF ACTION

### *NYLL – Spread of Hours*

37. Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully

set forth herein.

38. Defendants willfully violated Plaintiff's rights by failing to pay an additional hour of pay for each hour worked in excess of ten in one day, in violation of NYLL and its regulations.

39. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid spread of hours wages, liquidated damages for unpaid wages, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 198 and 663.

## FOURTH CAUSE OF ACTION

### *NYLL – Wage Notice*

40. Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

41. Defendants willfully failed to provide Plaintiff, at the time of hiring or any subsequent time, a wage notice in English or Spanish, the Plaintiffs' primary language, containing the information required by NYLL § 195(a), such as the rate of pay.

42. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, statutory damages for failure to provide required wage notices and wage statements, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 198 and 663.

## FIFTH CAUSE OF ACTION

### *NYLL – Wage Statement*

43. Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

44. Throughout the entire course of his employment, Defendants willfully failed to provide

    Plaintiff weekly wage stubs or statements accurately containing all information required by NYLL § 195(3), such as dates of work, rate of pay for regular and overtime hours, and number of regular and overtime hours worked.

45. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, statutory damages for failure to provide required wage notices and wage statements, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 198 and 663.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

46. Declare the Defendants' conduct complained of herein to be in violation of Plaintiff's rights under the Fair Labor Standards Act;

47. Declare the Defendants' conduct complained of herein to be in violation of Plaintiff's rights under the New York Labor Law;

48. Order Defendants to pay to Plaintiff all overtime wages owed consistent with FLSA;

49. Order Defendants to pay to Plaintiff all spread of hours and overtime wages owed, consistent with NYLL;

50. Order Defendants to pay to Plaintiff the statutorily prescribed penalties for failure to provide Plaintiffs with notices and statements required by NYLL;

51. Award Plaintiff liquidated damages for all wages withheld in violation of FLSA;

52. Award Plaintiff additional liquidated damages for all wages withheld or delayed in violation of NYLL;

53. Award Plaintiff reasonable attorneys' fees, costs and interest; and

54. Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

## IX. REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury as to all claims to which he is entitled.

RESPECTFULLY SUBMITTED,

 /s/ Robert McCreanor
ROBERT MCCREANOR, Esq.
Law Office of Robert D. McCreanor, P.L.L.C.
245 Saw Mill River Rd. Suite 106
Hawthorne, NY 10532
(845) 202 1833
rmccreanor@rdmclegal.com


**ATTORNEY FOR THE PLAINTIFF**

Dated: October 14, 2021